IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

IN RE MATTER OF CERTAIN
PENDING ADMINISTRATIVE           Case No. 4:20-mc-4-DPM
FORFEITURE PROCEEDINGS

ORDER

Pursuant to 18 U.S.C. § 983, the United States moves for an Order granting a sixty-day blanket extension of the statutory deadlines for doing two things: commencing administrative forfeiture proceedings against seized property; and commencing judicial forfeiture actions after timely administrative claims are submitted in those proceedings. The FBI, DEA, US Postal Inspection Service, and Customs and Border Protection have identified at least fourteen cases in the Eastern District that would be affected by the requested extension. *Doc. 1 at n.3.* And after the motion was filed, the United States informally advised the Court that the ATF had identified twenty-seven cases in this District that would be affected. So this issue touches more than forty cases pending in this District.

As set out in detail in the United States' motion, *Doc. 1*, the ongoing emergency conditions due to the COVID-19 pandemic—and the need to practice social distancing in order to slow the spread of the virus—have made it increasingly difficult for government agencies to carry out their responsibilities in forfeiture matters. Although the agencies are capable of processing claims and petitions submitted electronically, most submissions still come through the mail. Thus, the agencies' forfeiture responsibilities create much paper and require close

physical interaction among office personnel as they process time-sensitive mail, provide direct written notice to potential claimants, and make necessary referrals to U.S. Attorney's Offices.

In light of the working conditions required for the agencies to provide timely notice, the United States requests a blanket sixty-day extension of the deadlines for commencing administrative forfeiture proceedings against seized property. 18 U.S.C. § 983(a)(1)(A)(i) & (iv). Further, because the submission of a timely administrative claim triggers a separate deadline for filing a judicial forfeiture action in the district court, the United States requests a blanket sixty-day extension of those filing deadlines, too. 18 U.S.C. § 983(a)(3)(A). In support of its motion, the United States attaches six affidavits. In each, an agency official certifies that, in light of the COVID-19 pandemic, the agency's compliance with the statutory deadlines is likely to endanger the life or physical safety of the government employees and contractors responsible for carrying out administrative forfeiture programs, which justifies, they say, the requested extension of those deadlines. *Doc. 1 at Exh. 1–6*

For good cause shown, the United States' motion, *Doc. 1*, is granted. The Court finds that the working conditions described in the United States' motion are inconsistent with the social distancing guidelines from the CDC and other public health officials. Further, the United States has shown that requiring timely notice of seizures and referral of claims during the current pandemic conditions may endanger the life or health of the government asset forfeiture attorneys and staff responsible for reviewing cases, issuing notices, and processing submitted claims and petitions. Good cause therefore exists

for granting the blanket extensions requested. 18 U.S.C. § 983(a)(1)(C)–(D)(i) & (a)(3)(A).

The Court extends each of the following deadlines by sixty days from their present date: (1) the deadline under 18 U.S.C. § 983(a)(1)(A)(i) to start an administrative forfeiture proceeding against property that was seized in this District between 3 February 2020 and 30 April 2020; (2) the deadline under 18 U.S.C. § 983(a)(1)(A)(iv) to start an administrative forfeiture proceeding against property seized by state or local law enforcement agencies in this District between 3 January 2020 and 30 April 2020 and adopted by one of the Agencies; and (3) the ninety-day deadline established under 18 U.S.C. § 983(a)(3)(A) for the filing of a judicial forfeiture action following an Agency's receipt of a timely administrative claim between 3 February 2020 and 30 April 2020. In accordance with 18 U.S.C. § 983(a)(1)(C), further extensions of no more than sixty days each may be granted as necessary, upon an appropriate showing.

So Ordered.

_____
D.P. Marshall Jr.
Chief United States District Judge
Eastern District of Arkansas

1 May 2020